# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUCAS CHUBIZ, et al.,

    Plaintiffs,

v.

THE VANGUARD GROUP INC., et al.,

    Defendants.

Case No. 2:10-CV-00987-KJD-GWF

**ORDER**

Currently pending before the Court is Defendant Newmont Gold Company's ("Newmont") Motion to Dismiss (#8). Plaintiffs filed a Response in Opposition (#18), to which Newmont filed a Reply (#22). Also before the Court is Defendant The Vanguard Group Inc.'s ("Vanguard") Motion to Dismiss (#11). Plaintiffs filed a Response in Opposition (#19), to which Vanguard filed a Reply (#23). Additionally before the Court is Plaintiffs' Motion to Remand (#9). Defendant Newmont filed a Response in Opposition (#16), to which Plaintiffs' filed a Reply (#20). The Court has considered each of the Motions, their Responses and Replies, and issues it ruling on each together herein.

**I. Background**

Plaintiffs Lucas and Jillian Chubiz (hereinafter "Plaintiffs") are the adult children of the now-deceased Louis Chubiz ("Louis").[1] Defendant Kelly Chubiz ("Kelly") is Louis Chubiz's widow.

---

[1] Louis Chubiz passed away on or about September 26, 2007.

This action arises from a dispute between the Plaintiffs and Kelly regarding the distribution of Louis's 401k retirement account following his death.[2] Specifically, Lucas and Jillian aver that a premarital agreement entered into between Louis and Kelly four years prior to Louis's death, states that Louis's 401k retirement account was to remain his separate property. At the time of his death, Louis had a Last Will and Testament that bequeathed the funds of his 401k retirement account to Plaintiffs—designating Plaintiffs as the primary beneficiaries of the 401k, with each to receive half. The Last Will and Testament additionally stated that Kelly, as a beneficiary, was to receive 0% of the 401k retirement account. It is undisputed, however, that the aforesaid 401k is an ERISA plan and that provisions of the plan for designating a beneficiary other than the spouse were not followed.

Following Louis's death, Plaintiffs claimed entitlement to all, or a portion of Louis's 401k retirement account. Thereafter, Plaintiffs and Kelly entered into a settlement agreement whereby each agreed that the 401k should be distributed such that each party (Kelly, Lucas, and Jillian) would receive one-third of the retirement account. Subsequently, and in spite of having allegedly received notice of the above events, Defendant Vanguard, under the advisement of Defendant Newman, distributed all of Louis' 401k retirement account to Kelly Chubiz.

Plaintiffs filed the instant action in State Court on March 26, 2010, alleging seven claims for relief. (1) Breach of Contract (Kelly Chubiz); (2) Breach of the Covenant of Good Faith and Fair Dealing (Kelly Chubiz); (3) Constructive Trust (Kelly Chubiz); (4) Breach of Fiduciary Duty (Newmont); (5) Constructive Trust (Vanguard); and (6) Declaratory Relief (All Defendants).

The immediate Motions filed by Defendants Newman and Vanguard seek that the Court dismiss Plaintiffs claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, averring that any claims brought against them are preempted by the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. §§ 1001 et seq. Plaintiffs, in

---

[2] At the time of his death, Louis's 401k retirement account held approximately $320,000 to $350,000.

opposition, argue that their claims are not preempted by ERISA because Louis "took the necessary steps to take [his] 401k outside of the purview of ERISA." (#18 at 1.)

Plaintiffs' immediate Motion to Remand seeks that the Court remand the action back to State Court, alleging a lack of complete diversity as required under 28 U.S.C. § 1332, and because the Complaint raises no federal question pursuant to 28 U.S.C. § 1331.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

**A. Erisa Plan**

ERISA establishes a comprehensive scheme for the enforcement of rights in employee benefit plans.  Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).  Specifically, ERISA incorporates the principle of conflict preemption: under section 514(a) of the statute, the relevant provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan", subject to several exceptions.  29 U.S.C. § 1144(a).  "A 'law 'relate[s] to' a covered employee benefit plan for purposes of § 514(a) 'if it [1] has a connection with or [2] reference to such a plan.'"  Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc .,519 U.S. 316, 324 (1997) (quoting District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 129 (1992)).  "Where a State's law acts immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation . . . that 'reference' will result in pre-emption."  Dillingham, 519 U.S. at 325.

Moreover, the United States Supreme Court has held that courts should not employ "uncritical literalism" when deciding whether a state law has a connection to an ERISA plan.  Id.  To determine whether a state law has a connection to an ERISA plan, courts should consider ERISA's objectives and the nature of the effect of the state law on ERISA plans.  Id.  Courts should not assume that Congress intended to bar state action in areas traditionally regulated by states unless that was the clear and manifest purpose of Congress.  Id.

The Ninth Circuit has held that Congress intended ERISA to preempt state law in three areas: (1) laws that mandate employee benefit structures or their administration; (2) laws that bind employers or administrators to choices or that preclude uniform practice so that they regulate an ERISA plan; and (3) laws that provide an alternate enforcement mechanism for obtaining ERISA plan benefits.  Ariz. State Carpenters Pension Trust Fund v. Citibank ( Ariz.), 125 F.3d 715, 723 (9th Cir. 1997).  "'The key to distinguishing between what ERISA preempts and what it does not lies

4

. . . in recognizing that the statute comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee.' " Id. at 724 (quoting Gen. Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518, 1521–22 (9th Cir. 1993)).

Most pertinent to this action is Section 502(a) of ERISA, which provides the statute's civil enforcement scheme. See 29 U.S.C. § 1132(a). It is well established that "[a] state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a)." Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir. 2005). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Davila, 542 U.S. at 209.

Any conflicting state-law claim that could have been brought under section 502(a) and does not implicate a legal duty independent of ERISA, is completely preempted. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009) (citing Davila, 542 U.S. at 210). Complete preemption not only acts as a federal defense to state-law claims that conflict with ERISA's relevant provisions, but also automatically converts such claims into federal claims for the purpose of establishing federal question jurisdiction. Id. at 945.

**1. Plaintiffs' Claims against Newmont and Vanguard for Breach of Fiduciary Duty**

Plaintiffs' fourth claim for relief alleges that Defendants Newmont and Vanguard owed fiduciary duties to Plaintiffs as beneficiaries of Louis's 401k retirement account, and breached said duties "by distributing the funds . . . to Kelly Chubiz." (Compl. at ¶¶ 38–39).

Plaintiffs aver that their claims for breach of fiduciary duty should not be subject to ERISA preemption because the underlying premarital agreement, Last Will and Testament, and Settlement Agreement constitute beneficiary designations of their father's 401k benefits and because said

5

designations place their claims outside of the purview of ERISA.  Plaintiffs' position is untenable.  On the one hand, Plaintiffs seek the benefit of being entitled to the proceeds of Louis's 401k retirement account as beneficiaries and, on the other, seek that their claims be viewed as state law claims outside of the purview of the ERISA plan administrator.

In either respect, Plaintiffs are incorrect.  The breach of fiduciary duty claim relates to an employee benefit plan because it challenges the Defendants' enforcement of the plan, as written, and centers on the Plan's beneficiary designation requirements.  As such, the claim relies on the existence of the Plan, and the Plan's conditions for the designation of beneficiaries.  Additionally, Plaintiffs' claim requires that the Court construe and apply the terms of the Plan to determine what (if any) benefits the Plaintiffs would have received.

"ERISA sets forth who is empowered to bring a civil action."  Hartman v. Wilkes-Barre General Hosp., 237 F.Supp.2d 552 (M.D. Pa. 2002).  Although at first blush the language of Section 502(a)(2) appears to empower a beneficiary to seek recovery against a fiduciary who violates Section 409, the United States Supreme Court has interpreted ERISA to preclude a private cause of action against a fiduciary for extracontractual, compensatory or punitive damages for improper or untimely processing of claims.  Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985)(citing 29 U.S.C. § 1109(a)).  Specifically, Section 1109(a) of ERISA states:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109.  Thus, while 1109(a) provides that a participant or beneficiary may bring suit for relief under Section 1109, a plain reading of the statute demonstrates that recovery under Section 1109 inures to the plan itself, and not to an individual.  Id. (finding that the relevant fiduciary

relationship under ERISA is between the fiduciary to the actual plan—not the plan's beneficiaries). Here, Plaintiffs seek relief based upon a settlement agreement and Last Will and Testament for their own benefit, and not the Plan; therefore, Section 1109 does not provide them with the ability to raise a breach of fiduciary duty cause of action.

Moreover, the basis of Plaintiffs' Complaint is that they have been wrongly denied the benefits of their father's 401k retirement account, making the case essentially one involving the denial of benefits—a claim which is unquestionably preempted by ERISA. Accordingly, Plaintiffs' claim for breach of fiduciary duty should be dismissed against Defendants Newmont and Vanguard.

**2. Plaintiffs' Claim against Vanguard for Constructive Trust**

Plaintiffs assert a claim for constructive trust against Defendant Vanguard, alleging that Vanguard "held the funds within the Luis [sic] Chubiz 401k retirement account for the benefit of Plaintiffs", "served as trustee of a constructive trust for the benefit of Plaintiffs," and as such, had duties "which it breached" by failing to distribute the funds to Plaintiffs. (Compl. at ¶¶ 42, 43).

As with the breach of fiduciary duty claim, Plaintiffs' constructive trust claim also turns upon whether Defendant Vanguard properly paid the benefits of Louis's 401k retirement account to Kelly Chubiz under the terms of the Plan. Accordingly, the Court finds that Plaintiffs' state law claim for constructive trust against Defendant Vanguard is preempted by ERISA.

**3. Plaintiffs' Claims against Newmont and Vanguard for Declaratory Relief**

Plaintiffs' sixth claim for relief seeks that the Court declare, pursuant to N.R.S. 30.010 et seq., that Plaintiffs have suffered damages as a direct and proximate result of Defendants' failure to distribute the funds of Louis Chubiz' 401k retirement account to them. For the reasons of preemption previously stated, and also because Kelly Chubiz did not validly waive her spousal rights under the Plan, Plaintiffs' claims for declaratory relief also fail.

7

The principal object of ERISA "is to protect plan participants and beneficiaries." Hamilton v. Wash. State Plumbing & Pipefitting Indus. Pension Plan, 433 F.3d 1091, 1095 (9th Cir. 2006) (internal quotation omitted). To this end, ERISA requires administrators to manage plans "in accordance with the documents and instruments governing the plan." 29 U.S.C § 1104(A)(1)(D). Additionally, under ERISA, a surviving spouse has a statutory right to his or her deceased spouse's employee benefit account unless such an interest is waived by the surviving spouse. 29 U.S.C. § 1055(a), b(1), c(2).

Under ERISA, a spousal waiver of plan benefits is only effective if:

> the spouse of the participant consents in writing to such election, (ii) such election designates a beneficiary (or a form of benefits) which may not be changed without spousal consent (or the consent of the spouse expressly permits designations by the participant without any requirement of further consent by the spouse), and (iii) the spouse's consent acknowledges the effect of such election and is witnessed by a plan representative or a notary public.

29 U.S.C. § 1055(c)(2)(A).

Here, it is undisputed that the terms of the Plan reflect the requirements of ERISA. Namely, the Plan provides that if the Plan Participant is married at the time of death, "his surviving spouse shall automatically be his sole Beneficiary unless such spouse has consented, in writing, to a designation of a different beneficiary." (Decl. Of Patti Forbes, ¶ 5, #8, Ex. B.) At the time of Louis Chubiz's death, Plan records showed Kelly was his surviving spouse, and the only permissible beneficiary of his 401k account. Defendants can offer no evidence that Kelly Chubiz consented in writing, and in accordance with Section 1055(c)(2)(A), to a designation of a different beneficiary.[3] Accordingly, Plaintiffs' claim for declaratory relief should also be dismissed.

---

[3] Defendants contend, and Plaintiffs fail to deny, that the underlying settlement document was not notarized or witnessed by a Plan representative as required by 29 U.S.C. § 1055(c)(2)(A). Accordingly, the Court need not consider the actual settlement document for its analysis here.

**B. Motion to Remand**

A district court may remand a case that has been removed from state court if the removal procedure was defective. 28 U.S.C. § 1447(c) (2006). A motion to remand based on a procedural defect must be made within thirty days of the filing of the notice of removal. Id. A removal is procedurally deficient if it does not comply with the removal statute, which requires a notice of removal be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading, setting forth the claim . . . [or] after the service of summons upon the defendant if such initial pleading has then been filed in court." 28 U.S.C. § 1446(b) (2002).

In their timely-filed Motion for Remand, Plaintiffs allege that Defendants Notice of Removal is defective both procedurally and substantively because (1) there is no complete diversity (2) all defendants did not consent to removal pursuant to 28 U.S.C. § 1441; and (3) Plaintiffs' Complaint states no claim arising under the Constitution or laws of the United States that would convey subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

A review of the record here belies Plaintiffs' procedural argument. "Section 1446 requires all proper defendants to join or consent to the removal notice" Prize Frize, Inc. V. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) (overruled on other grounds by Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006). However, the failure to obtain the written consent of all parties is not necessarily fatal to removal. See Seagate Tech. LLC v. Dalian China Express Int'l Corp. Ltd., 169 F. Supp. 2d 1146, 1152 (N.D. Cal. 2001). Additionally, there are a number of recognized exceptions to the requirement that all Defendants consent to removal, including the case where a nonjoining defendant has not been served with process in the state action. Lopez v. BNSF Railway Co., 614 F. Supp. 2d at 1087.

Here, when Newmont filed the Notice of Removal, the Chubizes had not yet filed a proof of service for Kelly. Specifically, the Plaintiffs had filed only the Complaint and the Returns of Service for Newmont and Vanguard. (See #16 at 10.) A Summons and Affidavit of Service for Kelly

9

Chubiz was not filed in the state court action until June 23, 2010, one day after the case had been removed to this Court.

Moreover, it is well-established that complete preemption not only acts as a federal defense to state-law claims that conflict with ERISA's relevant provisions, but also automatically converts such claims into federal claims for the purpose of establishing federal question jurisdiction. <u>Marin Gen. Hosp. v. Modesto & Empire Traction Co.</u>, 581 F.3d 945 (9th Cir. 2009). As stated above, the Court finds that Plaintiffs' claims against Newmont and Vanguard are completely preempted by ERISA. Here, Plaintiffs seek to make a claim as a beneficiaries under the Plan, yet contest the Plan's distribution—a matter that is completely preempted by ERISA.

Plaintiffs' remaining claims concern issues of state law involving Defendant Kelly Chubiz and the terms of the settlement agreement entered with Plaintiffs. The Court declines to exercise its supplemental jurisdiction over said claims. 28 U.S.C. § 1367(c)(3). Consequently, the Court will remand the remaining claims of this action to the state court. 28 U.S.C. § 1447(c).

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant Newmont Gold Company's Motion to Dismiss (#8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant The Vanguard Group Inc.'s Motion to Dismiss (#11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (#9) is **GRANTED** in part, as to Plaintiffs' state law claims brought against Defendant Kelly Chubitz, and **DENIED** in part, as to Plaintiffs' claims against Defendants Newmont and Vanguard.

**IT IS FURTHER ORDERED** that this action is **REMANDED**.

DATED this 18th day of February 2011.

_____
Kent J. Dawson
United States District Judge